■ Moses Bobo, Jr., Respondent-Appellant, v Slattery Associates, Inc., Defendant and Third-Party Plaintiff-Respondent, and Liro Group Ltd. et al., Respondents. Raymond Rizzo Associates, Inc., Third-Party Defendant-Appellant-Respondent. [675 NYS2d 546] —In an action to recover damages for personal injuries, the third-party defendant Raymond Rizzo Associates, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated June 19, 1997, as denied that branch of its motion which was to dismiss the plaintiff's Labor Law § 241 (6) cause of action, and the plaintiff cross-appeals from so much of the same order as (1) granted those branches of the motion of the third-party defendant Raymond Rizzo Associates, Inc., and the cross motion of the defendant third-party plaintiff Slattery Associates, Inc., which were to dismiss the plaintiff's Labor Law § 240 (1) cause of action, and (2) granted that branch of the cross motion of the defendant Slattery Associates, Inc., which was to dismiss the plaintiff's Labor Law § 200 cause of action.

Ordered that the order is modified by deleting therefrom the provision which granted that branch of the cross motion of Slattery Associates, Inc., which was to dismiss the plaintiff's Labor Law § 200 cause of action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, payable by Raymond Rizzo Associates, Inc., and Slattery Associates, Inc.

The plaintiff's Labor Law § 240 (1) cause of action was properly dismissed, as the plaintiff was not injured as the result of a gravity-related risk (*see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Phillips v City of New York,* 228 AD2d 570; *Abreu v Manhattan Plaza Assocs.,* 214 AD2d 526; *Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657). However, with respect to the Labor Law § 200 cause of action, we find that a question of fact has been raised as to whether Slattery Associates, Inc., as general contractor, had supervisory control over the activities which caused the plaintiff's injuries (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505-507).

The court properly denied that branch of the motion by Raymond Rizzo Associates, Inc., which was to dismiss the Labor

Law § 241 (6) cause of action, since there is an issue of fact as to whether a violation of a safety regulation promulgated pursuant to Labor Law § 241 (6) was the proximate cause of the accident (*see, McCullum v Barrington Co. & 309 56th St. Co.,* 192 AD2d 489). Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.