■ DEANA WOODS et al., Respondents, v DESIGN CENTER, LLC, Appellant. [839 NYS2d 880]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered March 1, 2006 in a Labor Law and common-law negligence action. The order, insofar as appealed from, granted plaintiffs' motion for partial summary judgment and denied in part defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action to recover damages for injuries sustained by Deana Woods (plaintiff) when she fell from the

second step of a three-step folding aluminum stepladder. After opening and locking the stepladder, plaintiff set it on the ceramic tile floor near the showroom wall that she was painting. She noticed no problem with the sturdiness of the ladder and did not recall that it had slipped on the tile surface prior to her fall. According to the uncontroverted deposition of plaintiff, as she proceeded to step down the ladder with her left foot, the ladder "[i]mmediately" tipped to the left, causing her to fall.

Supreme Court properly granted plaintiffs' motion seeking partial summary judgment on liability on the cause of action under Labor Law § 240 (1) and denied that part of defendant's cross motion for summary judgment dismissing that cause of action because " 'the unrefuted evidence establishes that the [safety] device[, i.e., the ladder,] . . . failed to perform its [intended] function of supporting the worker' " (*Musselman v Gaetano Constr. Corp.*, 277 AD2d 691, 692 [2000], quoting *Briggs v Halterman*, 267 AD2d 753, 754-755 [1999]; *cf. Trippi v Main-Huron, LLC*, 28 AD3d 1069, 1070 [2006]). Plaintiffs thus are entitled to partial summary judgment on liability on the Labor Law § 240 (1) cause of action because "the fact that the ladder tipped establishes that it was not so placed . . . as to give proper protection to plaintiff" (*Petit v Board of Educ. of W. Genesee School Dist.*, 307 AD2d 749, 750 [2003] [internal quotation marks omitted]; *see Losurdo v Skyline Assoc., L.P.*, 24 AD3d 1235, 1236-1237 [2005]; *Nephew v Klewin Bldg. Co., Inc.*, 21 AD3d 1419, 1420 [2005]; *Chlap v 43rd St.-Second Ave. Corp.*, 18 AD3d 598 [2005]).

Contrary to the further contention of defendant, it failed to raise a triable issue of fact whether plaintiff's conduct was the sole proximate cause of the accident. Defendant was required to present "some evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of . . . her injuries" (*Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]; *see e.g. Canino v Electronic Tech. Co.*, 28 AD3d 932, 933-934 [2006]; *Costello v Hapco Realty*, 305 AD2d 445, 447 [2003]). Evidence that the ladder was structurally sound and not defective "is not relevant on the issue of whether it was properly placed" (*Ball*, 36 AD3d at 1189), and defendant's contention that plaintiff fell because she did not properly place her left foot on the step of the ladder is based upon mere conjecture and thus is insufficient to defeat plaintiffs' motion (*see Nicholas v EPO-Harvey Apts., Ltd. Partnership*, 31 AD3d 1174 [2006]). Because plaintiff established that a statutory violation was a proximate cause of her injury, she "cannot be solely to blame for it" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

Finally, we note that defendant did not address in Supreme Court or on appeal the issue whether plaintiff was a covered employee within the meaning of Labor Law § 240 (1). We therefore conclude, contrary to the view of our dissenting colleague, that defendant conceded that plaintiff was a covered employee (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In our view, it would be fundamentally unfair to determine this issue sua sponte and conclude, as does our dissenting colleague, that plaintiff failed to meet her initial burden of establishing that she is a covered employee within the meaning of Labor Law § 240 (1). Had defendant raised that issue in Supreme Court, plaintiffs would have been afforded the opportunity to present evidence on the issue whether plaintiff is a covered employee (*see Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561 [1986], *lv dismissed in part and denied in part* 68 NY2d 802 [1986]). Further, neither plaintiffs nor defendant had notice that the issue would be considered by this Court and thus had no opportunity to address it.

All concur except Peradotto, J., who dissents in part and votes to modify in accordance with the following memorandum.

Peradotto, J. (dissenting in part). I respectfully dissent in part. In my view, Supreme Court erred in granting plaintiffs' motion seeking partial summary judgment on liability on the cause of action under Labor Law § 240 (1) because plaintiffs failed to establish as a matter of law that Deana Woods (plaintiff) was a covered employee within the meaning of Labor Law § 240 (1), i.e., "that [she] was both permitted or suffered to work on a building or structure and that [she] was hired by someone, be it owner, contractor or their agent" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50-51 [2004]; *see also* Labor Law § 2 [5]). The record establishes that plaintiff's employer leased the premises from defendant and that plaintiff was painting a section of her employer's showroom at the time of the accident. Plaintiffs failed to establish that plaintiff was hired by either defendant or an agent of defendant to paint the property, and thus it cannot be said that she falls within the protected class of individuals under Labor Law § 240 (1) for whose benefit the extraordinary relief of absolute liability is imposed (*see Turner v Canale*, 15 AD3d 960, 961 [2005], *lv denied* 5 NY3d 702 [2005]).

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med.*

*Ctr.*, 64 NY2d 851, 853 [1985]). Here, plaintiffs did not meet their initial burden of establishing that plaintiff was a covered employee, a predicate for the imposition of strict liability under Labor Law § 240 (1). Therefore, contrary to the position of the majority, it is irrelevant whether defendant raised the issue of plaintiff's status as a covered employee, or raised any other issue of fact. In my view, the failure of plaintiffs to meet their initial burden requires denial of their motion, regardless of the sufficiency of defendant's opposing papers (*see Winegrad*, 64 NY2d at 853). I therefore would modify the order by denying plaintiffs' motion. Present—Centra, J.P., Lunn, Peradotto and Pine, JJ.