■ EDWARD A. EVANS, Respondent, v SYRACUSE MODEL NEIGHBORHOOD CORP., Appellant. [862 NYS2d 425]—

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered June 28, 2007 in a personal injury action. The order, insofar as appealed from, granted plaintiff's motion for partial summary judgment on liability pursuant to Labor Law § 240 (1) and denied in part defendant's motion for summary judgment dismissing the Labor Law § 241 (6) causes of action.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the cross motion in its entirety and dismissing the fourth and fifth causes of action in their entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action to recover damages for injuries he sustained when he fell 20 feet from an aluminum ladder pick to the ground. According to the deposition testimony of plaintiff, the aluminum ladder pick is 20 inches wide and functions as "a sidewalk that goes from ladder to ladder." Plaintiff had placed two ladders up against the roof edge, and the pick was placed between the ladders. In order to gain access to the pick and to bring materials to the roof, a third ladder was placed in between the two ladders and in front of the pick. According to the uncontroverted deposition testimony of plaintiff, he was in the process of nailing a piece of plywood in place on the roof while standing on the ladder pick, and he fell when one of the ladders "shifted." Supreme Court properly granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1). Plaintiff met his initial burden by submitting his uncontroverted deposition testimony in which he testified that a ladder shifted, thus establishing as a matter of law " 'that it was not so placed . . . as to give proper protection to plaintiff' " (*Woods v Design Ctr., LLC*, 42 AD3d 876, 877 [2007]; *see Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]). Defendant contends that the court erred in granting the motion because plaintiff related different versions of the accident in his amended complaint, his deposition testimony and his affidavit submitted in support of his motion. We reject that contention. Rather, we

conclude that, when read as a whole, "all of plaintiff's statements relate a consistent and coherent version of the occurrence of the accident" (*Morris v Mark IV Constr. Co.*, 203 AD2d 922, 923 [1994]; *cf. Barber v Kennedy Gen. Contrs.*, 302 AD2d 718, 719-720 [2003]; *Woodworth v American Ref-Fuel*, 295 AD2d 942, 943 [2002]), and we note that defendant never challenged plaintiff's version of the accident. Defendant also contends that the court erred in granting the motion because the accident was "essentially" unwitnessed. We further conclude that defendant failed to raise an issue of fact to the extent that it "merely criticize[s] plaintiff's account as unwitnessed and unsubstantiated by independent sources" (*Niles v Shue Roofing Co.*, 219 AD2d 785, 785 [1995]). "The mere fact that a fall is unwitnessed does not require denial of a motion for partial summary judgment [on liability] under Labor Law § 240 (1)" (*Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 980, 981 [1996]; *see Barrowman v Niagara Mohawk Power Corp.*, 222 AD2d 1029 [1995]; *Morris*, 203 AD2d at 923).

Also contrary to defendant's contention, defendant failed to raise an issue of fact whether plaintiff's conduct was the sole proximate cause of the accident to defeat plaintiff's motion. In support of that contention, defendant was required to present "some evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may [have been] the sole proximate cause of his . . . injuries" (*Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]; *see Woods*, 42 AD3d at 877). Here, defendant presented no such evidence and instead merely contended that, because plaintiff set up the ladders and pick and there was no evidence that the ladders or pick collapsed or were otherwise defective, plaintiff's actions were the sole proximate cause of the accident. "Evidence that the [safety device] was structurally sound and not defective 'is not relevant on the issue of whether it was properly placed' " (*Woods*, 42 AD3d at 877), and "[i]t does not avail defendant[ ] to [contend] that the manner in which plaintiff set up and stood on the ladder [pick] was the sole cause of the accident, where there is no dispute that the ladder [pick] was unsecured and no other safety devices were provided" (*Vega v Rotner Mgt. Corp.*, 40 AD3d 473, 474 [2007]). "Because plaintiff established that a statutory violation was a proximate cause of [his] injury, [ ]he 'cannot be solely to blame for it' " (*Woods*, 42 AD3d at 877, quoting *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

With respect to defendant's cross motion for summary judgment dismissing the remainder of the amended complaint, we

agree with defendant that the court erred in denying that part of its cross motion with respect to Labor Law § 241 (6) insofar as it is based upon the alleged violation of 12 NYCRR 23-1.21. Rather, the court should have granted defendant's cross motion in its entirety, and we therefore modify the order accordingly. Because plaintiff fell from a ladder pick and not from the rungs of a ladder, that regulation is inapplicable to this case (*see Arigo v Spencer*, 39 AD3d 1143, 1145 [2007]; *Amantia v Barden & Robeson Corp.*, 38 AD3d 1167, 1168-1169 [2007]). Finally, we agree with defendant that plaintiff's contention that 12 NYCRR 23-5.17, the regulation for "Ladder Jack Scaffolds," is applicable to this case is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.