■ Scott Baker, Respondent, v Essex Homes of Western New York, Inc., Appellant. [864 NYS2d 822]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 12, 2007 in a personal injury action. The order granted the motion of plaintiff for partial summary judgment on liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from the roof of a building owned by defendant. According to plaintiff, he was standing on bundles of shingles while he was repairing the roof, and he fell when the bundles, which were held in place by roofing spikes, broke apart underneath his feet. Supreme Court properly granted plaintiff's motion seeking partial summary judgment on liability on the claim pursuant to Labor Law § 240 (1). It is undisputed that there were no safety devices in place to protect plaintiff from falling from the roof, and plaintiff established as a matter of law that the absence of appropriate safety devices was a proximate cause of his injuries (see Felker v Corning Inc., 90 NY2d 219, 224 [1997]; Howe v Syracuse Univ., 306 AD2d 891 [2003]). We reject defendant's contention that there is an issue of fact whether the failure of plaintiff to use safety devices that were available elsewhere at the work site but that were not in place on the roof was the sole proximate cause of his injuries. Defendant's reliance on Robinson v East Med. Ctr., LP (6 NY3d 550 [2006]) and Montgomery v Federal Express Corp. (4 NY3d 805 [2005]) in support of that contention is misplaced. Here, plaintiff lacked the authority to exercise independent judgment with respect to safety issues inasmuch as he worked directly under the supervision of two forepersons, neither of whom required or even suggested that plaintiff install roof jacks before

beginning to repair the roof. Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.