◼ STANLEY A. GIZOWSKI, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 112634.) [887 NYS2d 383]—

Appeal and cross appeal from an order of the Court of Claims (Jeremiah J. Moriarty, III, J.), entered July 10, 2008 in a personal injury action. The order denied claimant's motion for partial summary judgment and granted in part and denied in part defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion and as modified the order is affirmed without costs.

Memorandum: Claimant commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a scaffold. The accident occurred when a portion of the ceiling he was demolishing collapsed and struck a corner of the scaffold, causing claimant to be thrown into the air and to fall to the ground. Addressing first defen-

dant's appeal, we reject the contention of defendant that the Court of Claims erred in denying that part of its cross motion seeking summary judgment dismissing the Labor Law § 240 (1) claim. We further conclude that the court properly denied that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is premised on defendant's alleged failure to comply with 12 NYCRR 23-3.3 and 23-5.1. The court properly concluded that defendant was not prejudiced by claimant's delay in identifying the alleged violation of those sections of the Industrial Code (*see Ellis v J.M.G., Inc.*, 31 AD3d 1220 [2006]; *Harris v Rochester Gas & Elec. Corp.*, 11 AD3d 1032, 1033 [2004]). In any event, we conclude on the merits that defendant failed to meet its burden of establishing its entitlement to judgment as a matter of law with respect to its alleged violation of those sections (*see Clapp v State of New York* [appeal No. 2], 19 AD3d 1113 [2005]).

We agree with claimant on his cross appeal, however, that the court erred in denying his motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) claim, and we therefore modify the order accordingly. Claimant met his "initial burden of establishing as a matter of law that the injury was caused by the lack of enumerated safety devices, the proper placement and operation of which would have prevented the [ceiling] from falling on [the scaffold] and [claimant] from falling off the [scaffold]" (*Sniadecki v Westfield Cent. School Dist.*, 272 AD2d 955 [2000]), and defendant failed to raise a triable issue of fact whether claimant's conduct was the sole proximate cause of the accident (*see Evans v Syracuse Model Neighborhood Corp.*, 53 AD3d 1135, 1137 [2008]; *Whalen v ExxonMobil Oil Corp.*, 50 AD3d 1553, 1554 [2008]). Even assuming, arguendo, that defendant is correct that claimant was negligent in his placement of the scaffold and his removal of bracing from the portion of the ceiling that collapsed, we conclude that those actions "render him [merely] contributorily negligent, a defense unavailable under [section 240 (1)]" (*Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]; *see Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1189 [2007]). "Because [claimant] established that a statutory violation was a proximate cause of [his] injury, [he] 'cannot be solely to blame for it' " (*Woods v Design Ctr., LLC*, 42 AD3d 876, 877 [2007], quoting *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.