■ JOHN CALDERON, JR., Respondent, v WALGREEN Co. et al., Appellants. [900 NYS2d 533]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered February 26, 2009 in a personal injury action. The order, insofar as appealed from, granted plaintiff's motion for partial summary judgment and denied in part defendants' cross motion for summary judgment.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when the scaffold he was dismantling tipped backward, causing him to fall to the ground. Supreme Court properly granted plaintiff's motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) claim. Plaintiff met his initial burden of establishing that the statute was violated and that the violation proximately caused his injuries, and defendants failed to raise a triable issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "A violation [of Labor Law § 240 (1)] occurs where a scaffold . . . is inadequate in and of itself to protect workers against the elevation-related hazards encountered while . . . dismantling that device, and it is the only safety device supplied" (*Cody v State of New York*, 52 AD3d 930, 931 [2008]; *see Metus v Ladies Mile Inc.*, 51 AD3d 537 [2008]; *Kyle v City of New York*, 268 AD2d 192, 197-198 [2000], *lv denied* 97 NY2d 608 [2002]; *Pritchard v Murray Walter, Inc.*, 157 AD2d 1012, 1013 [1990]). Even assuming, arguendo, that plaintiff was negligent in moving materials to the back of the scaffold, thereby causing the scaffold to become unbalanced, we conclude that the "actions [of plaintiff] 'render him [merely] contributorily negligent, a defense unavailable under [section 240 (1)]' " (*Gizowski v State of New York*, 66 AD3d 1348, 1349 [2009]). "Because plaintiff established that a statutory violation was a proximate cause of [his] injur[ies], [he] 'cannot be solely to blame for it' " (*Woods v Design Ctr., LLC*, 42 AD3d 876, 877 [2007], quoting *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

The court also properly denied that part of defendants' cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-5.1 (b) and 23-5.3 (g). Those regulations are suf-

ficiently specific to support that claim (*see Abreo v URS Greiner Woodward Clyde*, 60 AD3d 878, 880-881 [2009]), and triable issues of fact exist whether the alleged violation of those regulations proximately caused plaintiff's injuries (*see Bobo v Slattery Assoc.*, 251 AD2d 439 [1998]).

All concur except Centra, J.P., and Carni, J., who dissent in part and vote to modify in accordance with the following memorandum.

Centra, J.P., and Carni, J. (dissenting in part). We respectfully dissent in part. We agree with defendants that Supreme Court erred in granting plaintiff's motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) claim and that the court should have granted that part of defendants' cross motion seeking summary judgment dismissing that claim. A defendant is not liable pursuant to Labor Law § 240 (1) where, as here, there is no evidence of a statutory violation and the plaintiff's own negligence was the sole proximate cause of the accident (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-291 [2003]). "[A]n accident alone does not establish a Labor Law § 240 (1) violation or causation" (*Blake*, 1 NY3d at 289).

In support of their cross motion, defendants submitted the expert affidavit of a safety engineer who, following his review of the entire pretrial record, opined that base plates are designed to prevent a scaffold from sinking into the ground or "walking" while in use, which the undisputed facts establish did not occur in this case. Thus, defendants' expert concluded that the absence of base plates on the scaffold in question was not a proximate cause of plaintiff's accident. In addition, defendants' expert concluded that the scaffold provided proper protection and that no other safety devices were required. He stated that "the only cause of the accidental tipping of the scaffold . . . was the action of the plaintiff in moving all the materials to the rear outrigger of the scaffold and throwing down the planks from the front outrigger and the front of the top of the scaffold, thus creating a situation where the scaffold was dangerously imbalanced and tipped over when the plaintiff moved to the rear of the scaffold." Thus, defendants established that this was not a case in which a scaffold collapsed "for no apparent reason" (*id.* at 289 n 8). Therefore, in our view, defendants established that they provided proper protection, that no other safety devices were necessary or applicable to the dismantling of the scaffold, and that the negligent actions of plaintiff were the sole proximate cause of the tipping of the scaffold and his injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 555 [2006]).

In opposition to the cross motion, plaintiff failed to submit competent evidence raising a triable issue of fact whether the statute was violated and, if so, whether such violation was a proximate cause of his injuries (*see generally Cahill*, 4 NY3d at 39). Even assuming, arguendo, that the absence of base plates constituted a violation of the statute, we conclude that plaintiff failed to raise a triable issue of fact whether the scaffold became unstable based on the absence of base plates, and not because of plaintiff's improper distribution of the load on the scaffold (*see Duda v Rouse Constr. Corp.*, 32 NY2d 405, 410 [1973]; *cf. Costello v Hapco Realty*, 305 AD2d 445, 446 [2003]).

We therefore would modify the order by denying plaintiff's motion and by granting that part of defendants' cross motion seeking summary judgment dismissing the Labor Law § 240 (1) claim and dismissing that claim. Present—Centra, J.P., Fahey, Carni, Green and Pine, JJ.