# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1428**
**CA 11-01172**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

RYAN D. KIRBIS, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

LPCIMINELLI, INC. AND LPCIMINELLI
CONSTRUCTION CORP., DEFENDANTS-APPELLANTS.

---

HODGSON RUSS LLP, BUFFALO (RYAN J. LUCINSKI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

---

Appeal from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered October 5, 2010 in a personal injury action.
The order, insofar as appealed from, granted the motion of plaintiff
for partial summary judgment on the issue of liability pursuant to
Labor Law § 240 (1).

It is hereby ORDERED that said appeal insofar as taken by
defendant LPCiminelli Construction Corp. is unanimously dismissed and
the order is affirmed without costs.

Memorandum:  Plaintiff commenced this Labor Law and common-law
negligence action to recover damages for injuries he sustained when he
fell from a six-foot stepladder.  Defendants appeal from that part of
an order granting plaintiff's motion for partial summary judgment on
liability under Labor Law § 240 (1).  As a threshold matter, we note
that defendant LPCiminelli Construction Corp. is not an aggrieved
party and thus that the appeal, insofar as it is taken by that
defendant, is dismissed (*see* CPLR 5511).  Turning to the merits, we
agree with LPCiminelli, Inc. (defendant) that the unsworn medical
records submitted by plaintiff in support of the motion do not
constitute "proof in admissible form" (*Doyle v Sithe/Independence
Power Partners*, 296 AD2d 847; *see generally Zuckerman v City of New
York*, 49 NY2d 557, 562).  Nevertheless, we conclude that plaintiff
established his entitlement to partial summary judgment on liability
under Labor Law § 240 (1).  Plaintiff met his initial burden by
submitting his uncontroverted affidavit in which he attested that the
ladder "buckled" or "twisted" and then "collapsed."  Plaintiff thus
established as a matter of law " 'that it was not so placed . . . as
to give proper protection to [him]' " (*Woods v Design Ctr., LLC*, 42
AD3d 876, 877; *see Evans v Syracuse Model Neighborhood Corp.*, 53 AD3d
1135, 1136; *Nephew v Klewin Bldg. Co., Inc.*, 21 AD3d 1419, 1420).
Plaintiff further established that the violation of Labor Law § 240
(1) "was a proximate cause of his injuries" (*Arnold v Baldwin Real
Estate Corp.*, 63 AD3d 1621; *see Rudnik v Brogor Realty Corp.*, 45 AD3d

828).

In opposition, defendant failed to raise an issue of fact whether plaintiff's conduct was the sole proximate cause of the accident.  In order to meet that burden, defendant was required to present "some evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may [have been] the sole proximate cause of his . . . injuries" (*Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188; *see Evans*, 53 AD3d at 1137).  "Evidence that the ladder was structurally sound and not defective 'is not relevant on the issue of whether it was properly placed' . . ., and defendant's contention that plaintiff fell because [he may have misused the ladder] is based upon mere conjecture and thus is insufficient to defeat plaintiff['s] motion" (*Woods*, 42 AD3d at 877; *see Evans*, 53 AD3d at 1137).

Contrary to defendant's further contention, "the fact that discovery has not been completed does not provide a basis to defeat plaintiff['s] motion inasmuch as [d]efendant[ ] failed to establish that facts essential to justify opposition [to the motion] may exist but cannot then be stated" (*Ewing v ADF Constr. Corp.*, 16 AD3d 1085, 1087 [internal quotation marks omitted]; *see* CPLR 3212 [f]).  Indeed, "[m]ere speculation . . . that the accident may have occurred in a different manner is not sufficient to raise an issue of fact" (*Rich v State of New York*, 231 AD2d 942, 943; *see Ewing*, 16 AD3d at 1087).  Likewise, "the fact that the accident was unwitnessed does not provide a basis to defeat plaintiff['s] motion where, as here, 'there are no bona fide issues of fact with respect to how it occurred' " (*Ewing*, 16 AD3d at 1086).  Defendant failed to raise an issue of fact by "merely criticiz[ing] plaintiff's account as unwitnessed and unsubstantiated by independent sources" (*Niles v Shue Roofing Co.*, 219 AD2d 785, 785; *see Evans*, 53 AD3d at 1137).

Finally, we reject the contention of defendant that plaintiff's affidavit is inherently unreliable because plaintiff is a convicted felon.  Defendant failed to come forward with any evidence to contest plaintiff's version of the events, and plaintiff's account of the events "relate[s] a consistent and coherent version of the occurrence of the accident" (*Morris v Mark IV Constr. Co.*, 203 AD2d 922, 923; *see Boivin v Marrano/Marc Equity Corp.*, 79 AD3d 1750).  We therefore cannot conclude that plaintiff's affidavit is incredible as a matter of law (*see Prince v 209 Sand & Gravel, LLC*, 37 AD3d 1024, 1025).

Entered:  December 23, 2011                     Frances E. Cafarell
                                                Clerk of the Court