Harris v Tesmer Bldrs., Inc. (2021 NY Slip Op 04824)





Harris v Tesmer Bldrs., Inc.


2021 NY Slip Op 04824


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


421 CA 20-01481

[*1]STEVE HARRIS, PLAINTIFF-RESPONDENT,
v
TESMER BUILDERS, INC., DEFENDANT-APPELLANT, ET AL., DEFENDANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RICHARD T. SARAF OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT R. ORNDOFF, BUFFALO, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered March 10, 2020. The order granted that part of the motion of plaintiff seeking partial summary judgment on the issue of liability pursuant to Labor Law §§ 240 (1) and 241 (6) against defendant Tesmer Builders, Inc. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from a ladder while working on a construction project. Plaintiff's employer had been hired by Tesmer Builders, Inc. (defendant), the property owner. At the time of the accident, plaintiff was descending a ladder that, as established on this record, lacked the appropriate feet. Plaintiff fell from the ladder when it slid to the side and caught on a portion of the building frame he had been working on, throwing him from the ladder. Plaintiff asserted causes of action for common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). Defendant now appeals from an order granting that part of plaintiff's motion seeking partial summary judgment on the issue of defendant's liability under sections 240 (1) and 241 (6). We affirm.
With respect to plaintiff's Labor Law § 240 (1) claim, we reject defendant's contention that plaintiff was the sole proximate cause of the accident. Plaintiff met his initial burden on the motion of establishing that the ladder was "not so placed . . . as to give proper protection to [him]," and the burden thus shifted to defendant to raise a triable issue of fact whether plaintiff's "own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of [his] accident" (Kin v State of New York, 101 AD3d 1606, 1607 [4th Dept 2012] [internal quotation marks omitted]; see also Woods v Design Ctr., LLC, 42 AD3d 876, 877 [4th Dept 2007]). Defendant failed to meet that burden.
With respect to plaintiff's Labor Law § 241 (6) claim, defendant contends that there are issues of fact as to the condition of the ladder plaintiff fell from and whether other adequate ladders or safety devices were present and provided for plaintiff's use. We reject that contention. Plaintiff met his initial burden of establishing a violation of 12 NYCRR 23-1.21 (b) (3) (iv) and, on this record, defendant failed to raise an issue of fact in opposition (see Allington v Templeton Found., 167 AD3d 1437, 1439 [4th Dept 2018]). We also reject defendant's contention that plaintiff's motion was premature and that defendant should be granted an additional opportunity to conduct discovery in order to challenge plaintiff's unrebutted testimony and other proof regarding the broken state of the ladder he fell from, as well as the broken state of the other ladders on the work site. Defendant failed to demonstrate that discovery "might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of plaintiff," and defendant's "[m]ere hope that somehow the [defendant] [*2]will uncover evidence that will [help its] case provides no basis . . . for postponing a determination of a summary judgment motion" (Nationwide Affinity Ins. Co. of Am. v Beacon Acupuncture, P.C., 175 AD3d 1836, 1837 [4th Dept 2019] [internal quotation marks omitted]; see generally Aldridge v Rumsey, 275 AD2d 897, 897 [4th Dept 2000]). Although defendant contends that it has not received all medical records requested from plaintiff and may in the future be entitled to a further deposition of plaintiff regarding those records, defendant established only that it may receive additional discovery on the issue of damages, not liability, and defendant offered only speculation that any identified outstanding discovery would have any bearing on the motion presently before us.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court