Hyde v BVSHSSF Syracuse LLC (2022 NY Slip Op 07329)

Hyde v BVSHSSF Syracuse LLC

2022 NY Slip Op 07329

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

769 CA 22-00501

[*1]ROBERT HYDE, PLAINTIFF-APPELLANT,
v
BVSHSSF SYRACUSE LLC, HUEBER-BREUER CONSTRUCTION CO. INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 

STANLEY LAW OFFICE, SYRACUSE (ANTHONY MARTOCCIA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
VAHEY LAW OFFICES, PLLC, ROCHESTER (LAURIE A. VAHEY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered March 31, 2022. The order, insofar as appealed from, denied the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion of plaintiff is granted.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries that he allegedly sustained on a construction site when he fell to the ground from a third-floor wooden platform on the exterior of the building. At the time of the incident, workers on the project would access a particular floor of the building by using a temporary elevator (lift) that was erected on the exterior of the building by defendant Hueber-Breuer Construction Co. Inc. (HBC), the general contractor of the project. At each floor, workers would step off the lift onto a temporary wooden platform landing constructed on the exterior of the building. A temporary access door was used to enter the building from the wooden platform. The access door was equipped with a make-shift lock that kept the door shut. The lock was on the outside, which prevented a person inside the building from opening the door when locked. The person operating the lift was responsible for locking the door prior to moving the lift to another floor. At the time of the incident, plaintiff and other workers had taken the lift to the third floor and entered the building to gather waste. Another worker subsequently moved the lift to another floor but did not lock the third-floor access door because the lock on that door had been removed. The accident occurred when plaintiff was pulling a waste cart and walked backwards through the unlocked access door, onto and then off of the wooden platform, falling to the ground.
Plaintiff moved for partial summary judgment on liability with respect to his Labor Law § 240 (1) claim against HBC and defendant BVSHSSF Syracuse LLC (BVSHSSF), the owner of the building (collectively, defendants). Supreme Court, inter alia, denied plaintiff's motion and plaintiff now appeals from the order to that extent.
We agree with plaintiff that the court erred in denying his motion for partial summary judgment on liability with respect to his Labor Law § 240 (1) claim against HBC and BVSHSSF. Plaintiff met his burden of establishing the absence of an adequate safety device that could have prevented his fall, namely, a lock on the third-floor access door (see Lagares v Carrier Term. Servs., Inc., 177 AD3d 1394, 1395 [4th Dept 2019]; Lord v Whelan & Curry Constr. Servs., Inc., 166 AD3d 1496, 1497 [4th Dept 2018]). In opposition, defendants failed to raise a triable issue of fact whether plaintiff's own negligence was the sole proximate cause of his injuries (see Lagares, 177 AD3d at 1395). Here, there is no evidence in the record that plaintiff removed the [*2]lock and was therefore the sole proximate cause of the accident (cf. Kuntz v WNYG Hous. Dev. Fund Co. Inc., 104 AD3d 1337, 1338 [4th Dept 2013]). Moreover, even assuming, arguendo, that plaintiff was negligent in walking backwards out the access door and in failing to look back prior to going through the door to ensure the lift was there, we conclude that such "actions [would] render him [merely] contributorily negligent, a defense unavailable under [Labor Law § 240 (1)]" (Calderon v Walgreen Co., 72 AD3d 1532, 1533 [4th Dept 2010], appeal dismissed 15 NY3d 900 [2010]; see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015], rearg denied 25 NY3d 1211 [2015]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court