Verhoef v Dean (2024 NY Slip Op 06465)

Verhoef v Dean

2024 NY Slip Op 06465

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

820 CA 24-00162

[*1]PETER F. VERHOEF AND OLGA VERHOEF, PLAINTIFFS-APPELLANTS,
v
PAUL DEAN, DEFENDANT-RESPONDENT. 

MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFFS-APPELLANTS. 
BARCLAY DAMON LLP, ROCHESTER (DAVID M. FULVIO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered January 11, 2024. The order, insofar as appealed from, granted the cross-motion of defendant insofar as it sought summary judgment dismissing the Labor Law § 240 (1) cause of action and denied the motion of plaintiff for partial summary judgment on that cause of action. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross-motion is denied in part, the Labor Law § 240 (1) and the derivative causes of action are reinstated, and plaintiffs' motion is granted.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Peter F. Verhoef (plaintiff). Plaintiff and his coworker were on the roof of the concession stand at defendant's commercial property replacing rubber flashing around plumbing ventilation pipes when plaintiff fell from the roof and landed on a concrete pad. It is undisputed that defendant did not supply plaintiff with any safety devices for the work on the roof. Plaintiffs thus commenced this action for, inter alia, violations of Labor Law § 240 (1). Plaintiffs thereafter moved for summary judgment on liability on the Labor Law § 240 (1) cause of action, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied the motion and granted the cross-motion finding, as relevant here, that plaintiff was replacing a component damaged by normal wear and tear and thus was not engaged in a protected activity within the meaning of Labor Law § 240 (1) at the time of his fall. Plaintiffs, as limited by their brief, appeal from the resulting order to the extent that it denied the motion and granted the cross-motion with respect to the section 240 (1) cause of action. We reverse the order insofar as appealed from and grant plaintiffs' motion for summary judgment on Labor Law § 240 (1).
At the outset, we agree with plaintiffs that they met their initial burden on the motion. Plaintiffs established "as a matter of law that the injury was caused by the lack of enumerated safety devices, the proper placement and operation of which would have prevented" plaintiff from falling from the roof (Gizowski v State of New York, 66 AD3d 1348, 1349 [4th Dept 2009]; see also Felker v Corning Inc., 90 NY2d 219, 224-225 [1997]). Plaintiffs also demonstrated that plaintiff was engaged in repair work on the roof—a protected activity under Labor Law § 240 (1)—and not simply routine maintenance of a component damaged by wear and tear (see generally Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1415 [4th Dept 2011]).
"Delineating between routine maintenance and repairs is frequently a close, fact-driven issue . . . , and that distinction depends upon whether the item being worked on was inoperable or malfunctioning prior to the commencement of the work . . . , and whether the work involved the replacement of components damaged by normal wear and tear" (Wolfe v Wayne-Dalton Corp., 133 AD3d 1281, 1282 [4th Dept 2015] [internal quotation marks omitted]; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]). Here, the testimony submitted by plaintiffs established, and the court found, that the rubber flashing was malfunctioning and [*2]inoperable prior to replacement and that the work being performed by plaintiff at the time of the accident was necessary to restore the proper functioning of the roof. To the extent that defendant asserts that the flashing plaintiff was repairing at the time of his fall was not actively leaking, such a contention is immaterial to whether plaintiff was performing a protected activity, inasmuch as it would be "[in]consistent with the spirit of the [Labor Law] to isolate the moment of injury and ignore the general context of the work" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]).
Further, contrary to the court's determination, we agree with plaintiffs that the rubber flashing was not merely a "component" of a ventilation system and instead was an integral part of a proper functioning roof. Here, plaintiff was performing roofing repair to ensure that the roof of the concession stand was no longer leaking—precisely the type of work that we have long held to be protected by Labor Law § 240 (1) (see generally Baker v Essex Homes of W.N.Y., Inc., 55 AD3d 1332, 1332 [4th Dept 2008]; Fichter v Smith, 259 AD2d 1023, 1023 [4th Dept 1999], lv denied in part & dismissed in part 93 NY2d 994 [1999]).
Plaintiffs therefore established their entitlement to judgment as a matter of law with respect to the Labor Law § 240 (1) cause of action. Defendant's submissions, which contested only whether plaintiff was engaged in a protected activity, failed to raise a triable issue of fact in opposition thereto. For the same reason, we conclude that defendant failed to meet its initial burden on the cross-motion with respect to the Labor Law § 240 (1) cause of action (see Calloway v American Park Place, Inc., 221 AD3d 1473, 1474 [4th Dept 2023]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court