Delisle v FBBT/US Props., LLC
2026 NY Slip Op 03529
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

SCOTT A. DELISLE, PLAINTIFF-APPELLANT-RESPONDENT,
v
FBBT/US PROPERTIES, LLC, DEFENDANT-RESPONDENT, CSL PLASMA INC., AND BARKER CONTRACTING, INC., DEFENDANTS-RESPONDENTS-APPELLANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
212 CA 24-01928
Present: Lindley, J.P., Bannister, Greenwood, Nowak, And Hannah, JJ.

DOLCE PANEPINTO, P.C., BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
HURWITZ FINE P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

Appeal and cross-appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered October 31, 2024. The order, inter alia, denied the motion of plaintiff for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action.
[*1]
It is hereby ORDERED that the order so appealed from is modified on the law by granting plaintiff's motion for summary judgment on liability under Labor Law § 240 (1), and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained while performing construction work on premises owned by defendant FBBT/US Properties, LLC (FBBT) and leased to defendant CSL Plasma Inc. (CSL). FBBT and CSL hired defendant Barker Contracting, Inc. (Barker) as general contractor for the construction project, and Barker subcontracted a portion of the project to plaintiff's employer. Plaintiff alleged that an A-frame ladder on which he had been standing shifted, causing him to lose his balance and then injure his arm as he grabbed the ladder to steady himself before he fell to the ground. Plaintiff further alleged that the ladder, which was one of several provided by his employer, had been modified by a CSL employee who duct-taped tube socks over the four feet of the ladder to prevent the ladder from scuffing newly-installed tile floors. Plaintiff moved for partial summary judgment on the issue of liability on his Labor Law
§ 240 (1) cause of action, and CSL and Barker (collectively, CSL defendants) cross-moved for summary judgment dismissing the complaint and all cross-claims against them. Plaintiff appeals and the CSL defendants cross-appeal from an order that, inter alia, denied plaintiff's motion and denied that part of the CSL defendants' cross-motion with respect to the Labor Law § 240 (1) cause of action.
Plaintiff contends on his appeal that Supreme Court erred in denying his motion. We agree, and we therefore modify the order accordingly. To establish a prima facie case of liability under Labor Law § 240 (1), a plaintiff must " 'show that the statute was violated and that the violation proximately caused [the] injury' " (Miller v Spall Dev. Corp., 45 AD3d 1297, 1297 [4th Dept 2007], quoting Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). "Where a ladder is offered as a work-site safety device, it must be sufficient to provide proper protection. It is well settled that [the] failure to properly secure a ladder, to ensure that it remain[s] steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (Montalvo v J. Petrocelli Constr. Inc., 8 AD3d 173, 174 [1st Dept 2004] [internal quotation marks omitted]; see also Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept [*2]2015]). "[T]he fact that the ladder failed and [that the] plaintiff fell to the ground demonstrates that it was not so placed . . . as to give proper protection to [the plaintiff]" (Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1578 [4th Dept 2016] [internal quotation marks omitted]; see Kirbis v LPCiminelli, Inc., 90 AD3d 1581, 1582 [4th Dept 2011]. "Evidence that the ladder was structurally sound and not defective is not relevant on the issue of whether it was properly placed" (Kirbis, 90 AD3d at 1582 [internal quotation marks omitted]).
Here, plaintiff met his initial burden on the motion by submitting his deposition testimony wherein he testified that a CSL employee named John covered the ladder's feet with socks, that John instructed plaintiff to use the modified ladder, and that the socks caused the ladder to slide and plaintiff to fall. Plaintiff's unrebutted testimony established that "the statute was violated and that the violation proximately caused his injury" (Cahill, 4 NY3d at 39).
We further agree with plaintiff that, in opposition, the CSL defendants failed to raise a triable issue of fact whether plaintiff was the sole proximate cause of the accident (see generally Weitzel v State of New York, 160 AD3d 1394, 1394-1395 [4th Dept 2018]). The elements of a sole proximate cause defense are that the "plaintiff (1) had adequate safety devices available, (2) knew both that the safety devices were available and that [the plaintiff was] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had [the plaintiff] not made that choice" (Verdugo v Fox Bldg. Group, Inc., 218 AD3d 1179, 1180 [4th Dept 2023] [internal quotation marks omitted]; see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]).
Here, the CSL defendants established that there was an available safety device—i.e., other, unmodified ladders—and that plaintiff knew that those ladders were available and that he was expected to use them. We conclude, however, that, in opposition to plaintiff's showing that a CSL employee instructed him to use a modified ladder to protect the newly installed tile floor, the CSL defendants failed to raise a triable issue of fact whether plaintiff "chose for no good reason" to use the modified ladder (see Guaman-Sanango v 57 E. 72nd Corp., 227 AD3d 677-679 [2d Dept 2024]; see also Finocchi v Live Nation Inc., 204 AD3d 1432, 1433-1434 [4th Dept 2022]). Regardless of whether the CSL employee was plaintiff's actual supervisor, plaintiff "was under no obligation to demand safer methods" for performing his work (Finocchi, 204 AD3d at 1434). The CSL defendants' assertion that evidence of the alleged instructions from the CSL employee constituted inadmissible hearsay was raised for the first time on appeal and thus is not properly before us (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
We have reviewed the CSL defendants' contentions on their cross-appeal and conclude that none warrants further modification or reversal of the order.
All concur except Lindley, J.P., and Greenwood, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent inasmuch as we agree with Supreme Court that triable issues of fact preclude summary judgment to plaintiff on the Labor Law § 240 (1) cause of action.
Plaintiff was injured while working on a construction project on property owned by defendant FBBT/US Properties, LLC and leased to defendant CSL Plasma Inc. (CSL). Defendant Barker Contracting, Inc. (Barker) was the general contractor on the construction site. As relevant here, plaintiff moved for partial summary judgment on the issue of liability with respect to his Labor Law § 240 (1) cause of action, and CSL and Barker cross-moved for summary judgment dismissing the complaint and all cross-claims against them. The court, inter alia, denied plaintiff's motion and denied that part of the cross-motion of CSL and Barker seeking summary judgment dismissing the Labor Law § 240 (1) cause of action. Plaintiff now appeals, and CSL and Barker cross-appeal.
Plaintiff testified at his deposition that his employer provided six- and eight-foot A-frame stepladders for use on the project. The ladder he normally used had "[g]ood feet" and was "[g]reat." He used that six-foot ladder the morning of the accident without issue, placing a piece of underlayment beneath the ladder to protect the newly-installed tile floor from being damaged. When plaintiff returned from his lunch break, however, the ladder was being used by someone named "John," who had a red beard and who introduced himself as an employee of CSL. [*3]Plaintiff testified that John had modified the ladder by taping tube socks on the feet to protect the floor. Plaintiff testified that John "[m]ore [or] less" instructed him to use the modified stepladder. Plaintiff testified that he was injured while using the modified stepladder when the ladder slid forward, causing him to lose his balance and grab the ladder in an attempt to steady himself, at which point he felt pain in his left arm and fell off the ladder.
Plaintiff's fall was unwitnessed, and neither the project manager for the property nor the director of engineering services for CSL knew of a CSL employee named John who had a red beard. There was also deposition testimony that the only CSL employee assigned to the relevant project would have been the CSL project manager and that no one was aware of socks being placed on ladder feet. The project superintendent, who was at the project site every day, testified that if he had seen socks placed on a ladder's feet, he would have corrected it immediately.
Also before the court were several documents prepared by plaintiff shortly after his fall. In his workers' compensation claim form, plaintiff wrote that the accident occurred when he "[s]lipped while ascending ladder, lost balance, and regained balance . . . only after hearing noise in left shoulder." In another note created in connection with the workers' compensation claim, plaintiff stated that the accident occurred "while [he] was ascending a company ladder [when he] lost [his] footing and balance and while attempting to regain balance, [his] body shifted to the left, [he] heard a crunch and felt a snapping in [his] left shoulder, immediately followed by a sharp pain and numbness in [his] hand, arm, shoulder and neck." A similar account was given by plaintiff to his employer, which was used to fill out the employer's workers' compensation form.
In order to establish his entitlement to judgment on liability under Labor Law § 240 (1) as a matter of law, plaintiff was required "to show that the statute was violated and that the violation proximately caused his injury" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). A defendant has no liability under Labor Law § 240 (1) when the plaintiff (1) "had adequate safety devices available," (2) "knew both that" the safety devices "were available and that [the plaintiff was] expected to use them," (3) "chose for no good reason not to do so," and (4) would not have been injured had the plaintiff "not made that choice" (id. at 40). Although in some instances a plaintiff may be entitled to summary judgment on the issue of liability even when the accident is unwitnessed, where there is a triable issue of fact relating to the prima facie case or to plaintiff's credibility, the motion should be denied (see Klein v City of New York, 89 NY2d 833, 834-835 [1996]). In our view, plaintiff failed to eliminate issues of fact or, alternatively, defendants raised a triable issue of fact.
Viewing the evidence in the light most favorable to defendants, as the nonmoving parties on plaintiff's motion (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), we conclude that "there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]; see Krause v Industry Matrix, LLC, 227 AD3d 1560, 1561 [4th Dept 2024]; Bonczar v American Multi-Cinema, Inc., 158 AD3d 1114, 1115 [4th Dept 2018]). Plaintiff's description of the accident in his deposition testimony differed from the description he gave shortly after the accident when he applied for workers' compensation benefits. In seeking workers' compensation benefits, plaintiff stated that he "slipped" and lost his balance, not that the ladder itself slid. There are also issues of fact whether there were socks placed on the feet of the ladder and, even if there were, whether plaintiff was instructed to use that ladder as modified or whether he could have used a different ladder. In that regard, plaintiff's and the majority's reliance on Finocchi v Live Nation Inc. (204 AD3d 1432, 1433 [4th Dept 2022]) is misplaced inasmuch as that case involved a verdict after a nonjury trial, not a motion for summary judgment.
In response to a contention regarding hearsay, plaintiff states in his reply brief that it does not matter that the CSL employee named John is unknown and unavailable for cross-examination because "plaintiff can testify [to the encounter with the CSL employee] and
. . . defendants can cross-examine [plaintiff] regarding it" (emphasis added). That is precisely why summary judgment in favor of plaintiff is inappropriate here. It is for a jury to determine, after the examination and cross-examination of the witnesses, whether the accident occurred as testified to by plaintiff at his deposition and whether plaintiff was given any purported instruction to use a modified ladder.
In sum, it is well settled that "[a]n 'accident alone' is insufficient to establish a violation of Labor Law § 240 (1) or causation" (Cutaia v Board of Mgrs. of the 160/170 Varick St. Condominium, 38 NY3d 1037, 1038 [2022]). On this record, we conclude that issues of fact preclude an award of summary judgment in favor of plaintiff on the Labor Law § 240 (1) cause of action (see id. at 1038-1039; Valente v Lend Lease [US] Constr. LMB, Inc., 29 NY3d 1104, 1105 [2017]; Cahill, 4 NY3d at 40). Inasmuch as we conclude that the remaining contentions of CSL and Barker are without merit, we would affirm the order.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court