■ Michael A. Finnigan, Appellant, v Rochester Institute of Technology, Respondent. [716 NYS2d 214] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim. We disagree, however, with the court's reasoning. Plaintiff sustained an electric shock while standing on a stepladder wiring light fixtures, and he fell from the stepladder. Although plaintiff lacerated his left arm, neither plaintiff nor the eyewitness to the accident could recall whether that injury resulted from the electric shock or the subsequent fall. If the injury resulted from the electric shock, defendant is not liable for that injury under Labor Law § 240 (1) (*see, Schlueter v Health Care Plan,* 168 AD2d 985). In attempting to establish that the injury resulted from the fall from the stepladder, plaintiff submitted the affirmation of a physician specializing in environmental medicine and ergonometrics. Based on his examination of plaintiff and his review of plaintiff's hospital record, the physician stated that "it is unlikely that there was enough force generated during the initial slip" caused by reaction to the shock; that the fall from the stepladder "would generate enough force to cause such a deep laceration"; and that "it is my opinion that the left elbow laceration and ulnar nerve transection most likely occurred during the fall phase."

In denying the motion, the court assumed, arguendo, that plaintiff met his initial burden by submitting the physician's affirmation but concluded that evidence that plaintiff and the eyewitness could not recall when plaintiff incurred the injury was sufficient to raise a factual issue. We conclude, however, that plaintiff did not meet his initial burden of establishing his entitlement to judgment as a matter of law (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). The hospital record contains conflicting hearsay statements whether plaintiff sustained his injury by contacting the sharp metal edge of the light fixture or a piece of glass and whether plaintiff sustained the injury when his body reacted to the electric shock (*see, Kingston v Hunter Highlands,* 222 AD2d 952, 953-954). Moreover, the statement of the qualifications of the physician does not establish that he has the requisite expertise concerning electric shock injuries to render an opinion on this issue.

(Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Balio, JJ.