■ GLENN W. WOODWORTH, Respondent, v AMERICAN REF-FUEL, Appellant. [744 NYS2d 589] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered April 20, 2001, which granted plaintiff's motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained when he allegedly fell from a ladder in the course of his employment as a boilermaker. Supreme Court erred in granting plaintiff's motion for partial summary judgment on liability pursuant to Labor Law § 240 (1). Although plaintiff met his initial burden by establishing

that the ladder "slid out," causing him to fall from a height of "three or four" rungs, defendant raised an issue of fact whether plaintiff fell from a ladder. Despite the fact that plaintiff's version is supported by several coworkers, none of whom witnessed the accident, defendant submitted evidence establishing that, immediately after the accident, plaintiff told defendant's "safety man," the ambulance crew, and hospital employees that he had "slipped on plywood." Defendant's safety and training supervisor who was at the accident scene within "thirty seconds and a minute" stated in an affidavit that he did not see a ladder, nor did anyone at the scene inform him that plaintiff had been using a ladder in the performance of his duties at the time of the accident. Here, the accident was unwitnessed and there are conflicting versions of how the accident occurred, including plaintiff's own conflicting statements. Because the conflicting versions raise an issue of fact concerning liability pursuant to Labor Law § 240 (1), plaintiff's motion should have been denied (*see Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 980, 981; *see also Finnigan v Rochester Inst. of Tech.*, 277 AD2d 892). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.