■ MICHAEL DANIELEWICZ et al., Respondents, v KLEWIN BUILDING COMPANY, INC., Appellant, et al., Defendant. [834 NYS2d 813]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Klock, Sr., A.J.), entered October 19, 2006. The order, insofar as appealed from, granted that part of plaintiffs' motion for partial summary judgment against defendant Klewin Building Company, Inc.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied in its entirety.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Michael Danielewicz (plaintiff) when he fell from a 32-foot extension ladder. We agree with Klewin Building Company, Inc. (defendant) that Supreme Court erred in granting that part of plaintiffs' motion that sought partial summary judgment on liability on the Labor Law § 240 (1) cause of action against defendant. "In order to prevail upon such a cause of action a plaintiff must establish that the statute was violated, and that the violation was a proximate cause of his [or her] injuries" (*Alava v City of New York*, 246 AD2d 614, 615 [1998]). Here, plaintiff's inconsistent accounts of the manner in which the accident occurred raise issues of fact whether the statute was violated and, if so, whether that violation was a proximate cause

of the accident (*see e.g. Barber v Kennedy Gen. Contrs.*, 302 AD2d 718, 719 [2003]; *Woodworth v American Ref-Fuel*, 295 AD2d 942 [2002]; *Briggs v Halterman*, 267 AD2d 753 [1999]; *Cook v Presbyterian Homes of W. N.Y.*, 234 AD2d 906 [1996]; *Macutek v Lansing*, 226 AD2d 964, 965 [1996]; *cf. Wasilewski v Museum of Modern Art*, 260 AD2d 271 [1999]). In light of our determination, we see no need to address defendant's remaining contention. Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ.