■ Eric Davis et al., Appellants-Respondents, v Martin Brunswick et al., Respondents-Appellants, and Tom Howard Construction, Inc., Respondent. (Appeal No. 1.) [859 NYS2d 546]—

Appeal and cross appeal from an order of the Supreme Court, Wyoming County (Michael F. Griffith, A.J.), entered January 9, 2007 in a personal injury action. The order, insofar as appealed and cross-appealed from, denied the motion of plaintiffs for partial summary judgment and denied in part the cross motion of defendants Martin Brunswick and Marcelline Brunswick for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries

sustained by Eric Davis (plaintiff) when he fell from a ladder during the construction of a building owned by defendants Martin Brunswick and Marcelline Brunswick. At the time of the accident, plaintiff was employed by a subcontractor hired by defendant Tom Howard Construction, Inc. (Howard Construction), the general contractor. We conclude with respect to the order in appeal No. 1 that Supreme Court properly denied plaintiffs' motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action and that part of the cross motion of the Brunswicks seeking summary judgment dismissing that cause of action against them. There is an issue of fact on the record before us "whether the [ladder] failed to provide proper protection, thereby precipitating plaintiff's fall, or whether plaintiff simply lost his balance and fell, taking the ladder with him" (*Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 870 [1998]; *see Khan v Convention Overlook*, 232 AD2d 529 [1996]; *Xirakis v 1115 Fifth Ave. Corp.*, 226 AD2d 452, 453 [1996]). The court also properly denied that part of the cross motion of the Brunswicks seeking summary judgment on their cross claim for indemnification against Howard Construction. Even assuming, arguendo, that the amended answer of the Brunswicks may be deemed to assert a cross claim for contractual indemnification, we conclude that their contract with Howard Construction contains no provision for contractual indemnification (*see Baun v Project Orange Assoc., L.P.*, 26 AD3d 831, 835 [2006]). We further conclude that the Brunswicks failed to meet their burden of establishing their entitlement to common-law indemnification (*see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 685 [2005]).

Finally, we conclude with respect to the order in appeal No. 2 that the court properly denied the motion of the Brunswicks seeking leave to renew that part of their cross motion seeking indemnification. The court properly determined that they "fail[ed] to present sufficient new evidence" in support of their motion (*see generally McNerney v Fundalinski*, 48 AD3d 1256 [2008]). Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.