■ SEGUNDO LUIS MINCHALA, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants. [888 NYS2d 772]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Dorsa, J.), entered August 22, 2008, which granted the plaintiff's motion for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1) and denied the defendants' cross motion for summary judgment dismissing that cause of action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1) and denied the defendants' cross motion for summary judgment dismissing that cause of action. Contrary to the defendants' contention, the plaintiff established, prima facie, that the type of work he performed was covered by Labor Law § 240 (1) in that he was performing acts ancillary to ongoing construction at the time of his accident (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878 [2003]). Moreover, the plaintiff established, prima facie, that the accident stemmed from an elevation-related risk covered by Labor Law § 240 (1) when the cement barrier that injured him fell approximately seven feet from its unsecured position on a forklift (*see Outar v City of New York*, 5 NY3d 731 [2005]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259 [2001]). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Skelos, J.P., Eng, Austin and Roman, JJ., concur.