HARRY CHACON-CHAVEZ, Respondent, v CITY OF ROCHESTER, Appellant. [900 NYS2d 799]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 29, 2008 in a personal injury action. The order granted the motion of plaintiff for partial summary judgment on liability.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law action seeking damages for injuries he allegedly sustained when the ladder upon which he was standing slipped, causing him to fall. Supreme Court properly granted plaintiff's motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action. Labor Law § 240 (1) includes ladders as a device that must be "so constructed, placed and operated as to give proper protection" to a worker. Here, it is undisputed that the ladder was not secured to the roof at the time of plaintiff's accident, and thus plaintiff met his initial burden of establishing as a matter of law that the ladder "was not so placed . . . as to give proper protection to plaintiff" (*Evans v Syracuse Model Neighborhood Corp.*, 53 AD3d 1135, 1136 [2008] [internal quotation marks omitted]). We reject defendant's contention that the conduct of plaintiff was the sole proximate cause of his injuries and thus that the court erred in granting plaintiff's motion. "In support of that contention, defendant was required to present 'some evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may [have been] the sole proximate cause of . . . [his] injuries' " (*id.* at 1137). Here, by its own submissions, defendant established that the ladder was inadequately secured. Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.