# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**19**

**CA 11-00816**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

JUSTIN DECARLO, PLAINTIFF-APPELLANT,

V                                                                    MEMORANDUM AND ORDER

CLYDE BERGEMANN US, INC., DOING BUSINESS AS
CLYDE BERGEMANN EEC, DUNKIRK POWER LLC, PATENT
CONSTRUCTION SYSTEMS, DEFENDANTS-RESPONDENTS,
AND RAYMOND C. BELTER, DEFENDANT.

---

MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, BUFFALO (BRIAN G. MANKA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS CLYDE BERGEMANN US, INC., DOING BUSINESS AS
CLYDE BERGEMANN EEC, AND DUNKIRK POWER LLC.

LAW OFFICES OF DOUGLAS S. COPPOLA, BUFFALO (WILLIAM K. KENNEDY OF
COUNSEL), FOR DEFENDANT-RESPONDENT PATENT CONSTRUCTION SYSTEMS.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 23, 2010 in a personal injury action. The order denied plaintiff's motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a ladder. Supreme Court properly denied plaintiff's motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim. "A worker injured by a fall from an elevated worksite must . . . generally prove that the absence of or defect in a safety device was the proximate cause of his or her injuries" (*Felker v Corning Inc.*, 90 NY2d 219, 224). Here, while plaintiff submitted evidence in support of his motion establishing that the ladder was allegedly defective in several respects, he failed to establish that any of those defects caused him to fall (*see generally Grove v Cornell Univ.*, 17 NY3d 875; *Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1415-1416; *Davis v Brunswick*, 52 AD3d 1231, 1232).

Entered: January 31, 2012                          Frances E. Cafarell
                                                   Clerk of the Court