# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1338**

**CA 13-01028**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

NED W. GOULD, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

E.E. AUSTIN & SON, INC. AND CATTARAUGUS-LITTLE
VALLEY CENTRAL SCHOOL DISTRICT,
DEFENDANTS-RESPONDENTS.

---

MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LIPPMAN O'CONNOR, BUFFALO (THOMAS D. SEAMAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered January 7, 2013. The order, inter alia, denied the motion of plaintiff for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained while performing masonry work at the Cattaraugus-Little Valley Central School District High School. Defendant Cattaraugus-Little Valley Central School District hired defendant E.E. Austin & Son, Inc. as the general contractor on the project, and that defendant hired Casler Masonry, which employed plaintiff, to perform certain masonry work on the project. According to plaintiff, he was working on a ladder leading up to scaffolding erected in the auditorium when an unsecured tub of mortar that was located in an elevated position on a forklift fell and struck him on the head, shoulder, back and leg, thereby injuring him. Supreme Court properly denied plaintiff's motion for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) claim.

It is well settled that, "[t]o be entitled to a judgment on liability for a violation of section 240 (1) of the Labor Law, [a] plaintiff [is] required to prove, as a matter of law, not only a violation of the section, but also that the violation was a proximate cause of his [or her] injuries" (*Rossi v Main-South Hotel Assoc.*, 168 AD2d 964, 964; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287, citing *Duda v Rouse Constr. Corp.*, 32 NY2d 405, 410;

*Danielewicz v Klewin Bldg. Co., Inc.*, 39 AD3d 1194, 1194-1195), and it is further well settled that "an accident alone does not establish a [section] 240 (1) violation or causation" (*Blake*, 1 NY3d at 289).  We note at the outset that the court properly determined that plaintiff established a violation of section 240 (1) (*see Williams v Town of Pittstown*, 100 AD3d 1250, 1251; *Minchala v Port Auth. of N.Y. & N.J.*, 67 AD3d 978, 978).  We conclude that, by submitting the affidavit of a coworker with personal knowledge of the facts (*see Vetrano v J. Kokolakis Contr., Inc.*, 100 AD3d 984, 986), and "relying on [his own] deposition testimony, [plaintiff] established, prima facie, that [section] 240 (1) was violated and that the violation was a proximate cause of [his] injuries" (*Lopez-Dones v 601 W. Assoc., LLC*, 98 AD3d 476, 479; *see generally Kirbis v LPCiminelli, Inc.*, 90 AD3d 1581, 1582).

We further conclude, however, that the court properly denied plaintiff's motion because defendants raised a triable issue of fact whether plaintiff's alleged injuries were caused by the falling mortar tub (*see Jones v West 56th St. Assoc.*, 33 AD3d 551, 551-552; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Defendants submitted evidence establishing that plaintiff told his supervisor immediately after the incident that he was not injured, continued to work for the remainder of the regular workday, worked full days over the following week, and never complained of any alleged injuries associated with the mortar tub falling on him.  Indeed, the evidence in the record, including plaintiff's certified medical records and an independent medical examination (IME) report, which was prepared by a physician who examined plaintiff and was submitted by defendants in opposition to the motion, demonstrates that plaintiff sought medical treatment and stopped working only after suffering an abdominal injury while lifting buckets of mortar one week after the mortar tub struck him.  Even then, plaintiff did not mention to any medical professional that a mortar tub had struck him, and did not report any injuries attributable thereto, until 2½ months after the incident (*see Jones*, 33 AD3d at 551-552).  Moreover, the physician who conducted the IME of plaintiff concluded, based on his examination of plaintiff, that the injuries of which plaintiff complained were degenerative in nature, and that plaintiff did not sustain any injuries when the mortar tub struck him.

Entered:  February 7, 2014                     Frances E. Cafarell
                                               Clerk of the Court