# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1215**

**CA 14-00649**

PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

DOUGLAS F. BERNARD AND BARBARA BERNARD,
PLAINTIFFS-APPELLANTS,

V                                                       MEMORANDUM AND ORDER

TOWN OF LYSANDER, DEFENDANT-RESPONDENT.

---

CANNON & VAN ALLEN, LLP, GENESEO (MARK J. VALERIO OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

SMITH SOVIK KENDRICK SUGNET, P.C., SYRACUSE (KAREN J. KROGMAN OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald F. Cerio, Jr., A.J.), entered February 5, 2014.  The order
denied plaintiffs' motion for partial summary judgment on the issue of
liability.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the motion is
granted.

Memorandum:  Douglas F. Bernard (plaintiff) and his wife
commenced this action seeking damages for injuries plaintiff sustained
when he fell from a collapsing scaffold while working at a
construction site owned by defendant.  The complaint asserts a single
cause of action for violation of Labor Law § 240 (1).  Following
discovery, plaintiffs moved for partial summary judgment on the issue
of liability, contending that defendant failed as a matter of law to
afford plaintiff proper protection under the statute.  In opposition
to the motion, defendant argued that there is an issue of fact whether
plaintiff's alleged negligence in improperly constructing the scaffold
was the sole proximate cause of his injuries.  We conclude that
Supreme Court erred in denying plaintiffs' motion.

On the day of his accident, plaintiff and a fellow employee were
installing exterior trim boards (Hardie boards) on the side of a newly
constructed sewage treatment pump house.  To install the Hardie
boards, plaintiff or his coworker constructed a platform on which to
stand by placing one end of a 14-foot-long aluminum scaffold plank
(pick) into the bucket of a backhoe, and securing the other end of the
pick with two pieces of wood that were nailed into the side of the
building.  It is undisputed that, other than the pick, defendant did
not provide any scaffolding or other safety devices for plaintiff to

use to install the Hardie boards.  While plaintiff was standing on the pick, the end of the pick secured by the wooden braces gave way, causing plaintiff to fall to the ground and sustain broken ribs, broken vertebrae and a perforated lung, among other injuries.

We conclude that "[t]he fact that the scaffold collapsed is sufficient to establish as a matter of law that the [scaffold] was not so placed . . . as to give proper protection to plaintiff pursuant to the statute" (*Mazurett v Rochester City Sch. Dist.*, 88 AD3d 1304, 1305 [internal quotation marks omitted]; *see Vasquez v C2 Dev. Corp.*, 105 AD3d 729, 730; *Kirbis v LPCiminelli, Inc.*, 90 AD3d 1581, 1582). Contrary to defendant's contention, there is no issue of fact whether the safety equipment provided to plaintiff was sufficient to afford him proper protection under Labor Law § 240 (1).  The only safety device provided to plaintiff at the work site was a 14-foot-long pick. "There were no harnesses, lanyards, safety lines, or similar safety devices available for use to prevent [plaintiff's] fall" (*Aburto v City of New York*, 94 AD3d 640, 640).  To perform the work of installing siding on the building, plaintiff therefore had to create what the court accurately referred to as a "makeshift" scaffold by placing one end of the pick in the shovel of a backhoe and the other end between two pieces of wood he or a coworker nailed into the side of the building.  "[T]he onus [was not] on plaintiff to construct an adequate safety device, using assorted materials on site [that were] not themselves adequate safety devices but which may [have been] used to construct a safety device" (*Collins v West 13th St. Owners Corp.*, 63 AD3d 621, 622).

We reject defendant's further contention that there is an issue of fact whether plaintiff's alleged negligence in securing the wooden braces with only two nails or in otherwise improperly erecting the scaffold was the sole proximate cause of the accident.  Because defendant violated Labor Law § 240 (1) by failing to provide plaintiff with proper protection, plaintiff's alleged negligence cannot be deemed the only cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 286; *Miles v Great Lakes Cheese of N.Y., Inc.*, 103 AD3d 1165, 1167).  Under the circumstances, plaintiff's actions with respect to the manner in which he constructed the "makeshift" scaffold " 'raise, at most, an issue of comparative negligence, which is not an available defense under section 240 (1)' " (*Signs v Crawford*, 109 AD3d 1169, 1170; *see Stolt v General Foods Corp.*, 81 NY2d 918, 920).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court