■ TIMOTHY KOPASZ, Respondent, v CITY OF BUFFALO et al., Appellants, and LPCIMINELLI CONSTRUCTION CORP., Respondent. [50 NYS3d 654]—

Appeal from an amended order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered August 29, 2016. The amended order, inter alia, granted that part of the motion of plaintiff for partial summary judgment with respect to the Labor Law § 240 (1) claim.

It is hereby ordered that the amended order so appealed from is unanimously modified on the law by denying that part of the motion seeking partial summary judgment on the Labor Law § 240 (1) claim and as modified the amended order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when, while stepping from a ladder onto a Baker scaffold, he struck his head on an overhead beam, thereby causing him to fall backwards to the

floor. We agree with defendants that Supreme Court erred in granting that part of plaintiff's motion seeking partial summary judgment on his claim pursuant to Labor Law § 240 (1), and we therefore modify the amended order accordingly. We conclude that plaintiff failed to establish his entitlement to judgment as a matter of law under that statute. Specifically, we conclude that there is an issue of fact whether the scaffold failed to provide proper protection because it was not properly placed, thereby precipitating plaintiff's fall, or " 'whether plaintiff simply lost his balance and fell' " when his head struck the beam (*Davis v Brunswick*, 52 AD3d 1231, 1232 [2008]; *see generally Holly v County of Chautauqua*, 13 NY3d 931, 932 [2010]). Plaintiff likewise failed to establish as a matter of law that the lack of safety railings on the scaffold, as required by 12 NYCRR 23-5.18 (b) (*see Celaj v Cornell*, 144 AD3d 590, 591 [2016]), is a sufficient basis for a determination of liability under section 240 (1) that the scaffold failed to provide plaintiff proper protection. Rather, we conclude that there is an issue of fact whether the presence of rails would have prevented his fall (*cf. Vail v 1333 Broadway Assoc., L.L.C.*, 105 AD3d 636, 636-637 [2013]). Furthermore, plaintiff failed to establish as a matter of law that the alleged injuries to his neck and ears were caused by the accident, as required for a determination of liability under section 240 (1) (*see Gould v E.E. Austin & Son, Inc.*, 114 AD3d 1208, 1208 [2014]).

We nevertheless conclude that the court properly denied defendants' cross motion seeking summary judgment dismissing the complaint on the ground that plaintiff's actions in using the scaffold at issue, rather than arranging for a different scaffold to be delivered to the job site, was the sole proximate cause of the accident. Defendants failed to eliminate any issue of fact that "plaintiff 'chose for no good reason' " to use the scaffold at issue when he knew that one of the wheels did not lock, rather than arrange for a different scaffold to be delivered (*Fazekas v Time Warner Cable, Inc.*, 132 AD3d 1401, 1404 [2015]). Indeed, contrary to the contention of defendants, their own expert opined that the failure of one of the four wheels to lock would not render the scaffold unstable. We have reviewed defendants' remaining contentions and conclude that they are without merit. Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Scudder, JJ.