# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**391**

**CA 16-01605**

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

TIMOTHY KOPASZ, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

CITY OF BUFFALO, LPCIMINELLI, INC.,
DEFENDANTS-APPELLANTS,
AND LPCIMINELLI CONSTRUCTION CORP.,
DEFENDANT-RESPONDENT.

---

HODGSON RUSS LLP, BUFFALO (PATRICK J. HINES OF COUNSEL), FOR
DEFENDANTS-APPELLANTS AND DEFENDANT-RESPONDENT.

DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an amended order of the Supreme Court, Erie County
(Henry J. Nowak, Jr., J.), entered August 29, 2016. The amended
order, inter alia, granted that part of the motion of plaintiff for
partial summary judgment with respect to the Labor Law § 240 (1)
claim.

It is hereby ORDERED that the amended order so appealed from is
unanimously modified on the law by denying that part of the motion
seeking partial summary judgment on the Labor Law § 240 (1) claim and
as modified the amended order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained when, while stepping from a ladder
onto a Baker scaffold, he struck his head on an overhead beam, thereby
causing him to fall backwards to the floor. We agree with defendants
that Supreme Court erred in granting that part of plaintiff's motion
seeking partial summary judgment on his claim pursuant to Labor Law
§ 240 (1), and we therefore modify the amended order accordingly. We
conclude that plaintiff failed to establish his entitlement to
judgment as a matter of law under that statute. Specifically, we
conclude that there is an issue of fact whether the scaffold failed to
provide proper protection because it was not properly placed, thereby
precipitating plaintiff's fall, or " 'whether plaintiff simply lost
his balance and fell' " when his head struck the beam (*Davis v
Brunswick*, 52 AD3d 1231, 1232; *see generally Holly v County of
Chautauqua*, 13 NY3d 931, 932). Plaintiff likewise failed to establish
as a matter of law that the lack of safety railings on the scaffold,
as required by 12 NYCRR 23-5.18 (b) (*see Celaj v Cornell*, 144 AD3d
590, 591), is a sufficient basis for a determination of liability

under section 240 (1) that the scaffold failed to provide plaintiff proper protection.  Rather, we conclude that there is an issue of fact whether the presence of rails would have prevented his fall (*cf. Vail v 1333 Broadway Assn. L.L.C.*, 105 AD3d 636, 636-637).  Furthermore, plaintiff failed to establish as a matter of law that the alleged injuries to his neck and ears were caused by the accident, as required for a determination of liability under section 240 (1) (*see Gould v E.E. Austin & Son, Inc.*, 114 AD3d 1208, 1208).

We nevertheless conclude that the court properly denied defendants' cross motion seeking summary judgment dismissing the complaint on the ground that plaintiff's actions in using the scaffold at issue, rather than arranging for a different scaffold to be delivered to the job site, was the sole proximate cause of the accident.  Defendants failed to eliminate any issue of fact that "plaintiff 'chose for no good reason' " to use the scaffold at issue when he knew that one of the wheels did not lock, rather than arrange for a different scaffold to be delivered (*Fazekas v Time Warner Cable, Inc.*, 132 AD3d 1401, 1404).  Indeed, contrary to the contention of defendants, their own expert opined that the failure of one of the four wheels to lock would not render the scaffold unstable.  We have reviewed defendants' remaining contentions and conclude that they are without merit.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court