Wolf v Ledcor Constr. Inc. (2019 NY Slip Op 06263)





Wolf v Ledcor Constr. Inc.


2019 NY Slip Op 06263


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


491 CA 18-02269

[*1]CHRISTOPHER WOLF, PLAINTIFF-RESPONDENT,
v
LEDCOR CONSTRUCTION INC., COSTCO WHOLESALE CORP., CAMERON GROUP, LLC, AND HINSDALE ROAD GROUP, LLC, DEFENDANTS-APPELLANTS. 






SANTACROSE & FRARY, ALBANY (KEITH M. FRARY OF COUNSEL), FOR DEFENDANTS-APPELLANTS LEDCOR CONSTRUCTION INC. AND COSTCO WHOLESALE CORP.
BURKE, SCOLAMIERO & HURD, LLP, ALBANY (JUDITH B. AUMAND OF COUNSEL), FOR DEFENDANTS-APPELLANTS CAMERON GROUP, LLC AND HINSDALE ROAD GROUP, LLC.
STANLEY LAW OFFICES, SYRACUSE (ANTHONY R. MARTOCCIA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered May 10, 2018. The order, among other things, granted plaintiff's motion for partial summary judgment pursuant to Labor Law § 240 (1). 
It is hereby ORDERED that the order so appealed from is modified on the law by denying that part of the cross motion of defendants Cameron Group, LLC and Hinsdale Road Group, LLC seeking summary judgment on their cross claim for contractual indemnification insofar as that cross claim seeks contractual indemnification of defendant Cameron Group, LLC by defendant Costco Wholesale Corp., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries that he sustained on a construction site when the scaffold on which he was standing tipped over. In their amended answer, defendants Cameron Group, LLC (Cameron) and Hinsdale Road Group, LLC (Hinsdale) asserted a cross claim for contractual indemnification against defendants Ledcor Construction Inc. (Ledcor) and Costco Wholesale Corp. (Costco). Plaintiff moved for partial summary judgment on liability with respect to his Labor Law § 240 (1) claim, Ledcor and Costco cross-moved for, inter alia, summary judgment dismissing the complaint against them, and Cameron and Hinsdale cross-moved for, inter alia, summary judgment dismissing the complaint against them and summary judgment on their cross claim for contractual indemnification against Ledcor and Costco. Now, Ledcor and Costco and Cameron and Hinsdale appeal from an order that, inter alia, granted plaintiff's motion, denied those parts of the cross motions seeking summary judgment dismissing the Labor Law § 240 (1) claim against them, denied that part of the cross motion of Ledcor and Costco seeking summary judgment dismissing the Labor Law § 200 claim and the common-law negligence cause of action against them, and granted that part of the cross motion of Cameron and Hinsdale seeking summary judgment on their cross claim for contractual indemnification insofar as they sought contractual indemnification from Costco.
Preliminarily, Ledcor, Costco and Hinsdale do not dispute that they were either owners or contractors who may be held liable pursuant to Labor Law § 240 (1). The contention of Cameron and Hinsdale that Cameron should be dismissed from the action because it was the site developer and is therefore not a statutory defendant is raised for the first time on appeal, and thus that contention is not properly before this Court (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [*2][4th Dept 1994]). We note that Cameron and Hinsdale do not contend in the alternative that plaintiff's motion for partial summary judgment should be denied with respect to Cameron.
We reject the contentions of defendants that Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of liability with respect to his Labor Law § 240 (1) claim and denying defendants' cross motions insofar as they sought dismissal of that claim. "A plaintiff is entitled to summary judgment under Labor Law § 240 (1) by establishing that he or she was subject to an elevation-related risk, and [that] the failure to provide any safety devices to protect the worker from such a risk [was] a proximate cause of his or her injuries" (Wolfe v Wayne-Dalton Corp., 133 AD3d 1281, 1283 [4th Dept 2015] [internal quotation marks omitted]; see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015], rearg denied 25 NY3d 1211 [2015]). Here, plaintiff met his initial burden of establishing a statutory violation by submitting evidence that he was standing on a scaffold hanging sheetrock when a wheel on the scaffold fell into a floor drain and caused the scaffold to tip over. The wheel had been placed on top of a plastic curing blanket that had been applied over the newly installed concrete floor and was stretched over the drain hole, and the accident occurred when the wheel ripped through the plastic curing blanket and fell into the hole. Various witnesses provided deposition testimony that, during the installation of a concrete floor, a floor drain should have a temporary cover that would prevent anything from falling into the drain. At the time of plaintiff's accident, however, the floor drain was covered with a permanent half grate, which had a hole into which the scaffold wheel fell.
Although it is well settled that " the extraordinary protections of [Labor Law § 240 (1)] . . . apply only to a narrow class of dangers' " (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97 [2015], rearg denied 25 NY3d 1195 [2015], quoting Melber v 6333 Main St., 91 NY2d 759, 762 [1998]), and " do not encompass any and all perils that may be connected in some tangential way with the effects of gravity' " (Nicometi, 25 NY3d at 97, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]), we reject defendants' contentions that plaintiff's accident was not caused by an elevation-related risk contemplated by section 240 (1). "[T]he relevant and proper inquiry is whether the hazard plaintiff encountered . . . was a separate hazard wholly unrelated to the hazard which brought about [the] need [for a safety device] in the first instance" (Nicometi, 25 NY3d at 98 [internal quotation marks omitted]). Here, it is undisputed that the scaffold on which plaintiff was standing tipped over because one of its wheels was placed over an open floor drain hole. The fact that the scaffold tipped and plaintiff fell to the ground "demonstrates that it was not so placed . . . as to give proper protection to [him]" (Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1578 [4th Dept 2016] [internal quotation marks omitted]; cf. Nicometi, 25 NY3d at 93-94). We therefore conclude that plaintiff's accident was caused by an elevation-related risk as contemplated in section 240 (1) (see Thome v Benchmark Main Tr. Assoc., LLC, 86 AD3d 938, 939 [4th Dept 2011]; Gallagher v Bechtel Corp., 245 AD2d 36, 36 [1st Dept 1997]).
We reject defendants' contentions that the sole proximate cause of the accident was plaintiff's failure to observe the drain hole and position the scaffold in such a manner to avoid it. "[T]here can be no liability under [Labor Law § ] 240 (1) when there is no violation and the worker's actions . . . are the sole proximate cause' of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]), and "[a] defendant is entitled to summary judgment dismissing a Labor Law § 240 (1) cause of action or claim by establishing that . . . the plaintiff's conduct was the sole proximate cause of the accident" (Bruce v Actus Lend Lease, 101 AD3d 1701, 1702 [4th Dept 2012]). Plaintiff submitted the testimony of four witnesses, including the project superintendent of the subcontractor that installed the drain and the project manager and superintendent of the subcontractor that installed the concrete floor and curing blanket. Each testified that a temporary cover should be placed over an open drain during the installation of the concrete floor, and therefore plaintiff established that a statutory violation, i.e., the placement of the scaffold over the improperly covered drain hole, was a proximate cause of the accident (see generally Whalen v ExxonMobil Oil Corp., 50 AD3d 1553, 1554 [4th Dept 2008]). Thus, even assuming, arguendo, that plaintiff was negligent in failing to observe the drain hole and positioning the scaffold over it, we conclude that his "actions . . . render him [merely] contributorily negligent, a defense unavailable under [Labor Law § 240 (1)]" (Calderon v Walgreen Co., 72 AD3d 1532, 1533 [4th Dept 2010], appeal dismissed 15 NY3d 900 [2010] [internal quotation marks omitted]; see Barreto, 25 NY3d at 433; Blake, 1 NY3d at 289). "Because plaintiff established that a statutory violation was a proximate cause of [his] injury, [*3][he] cannot be solely to blame for it' " (Woods v Design Ctr., LLC, 42 AD3d 876, 877 [4th Dept 2007], quoting Blake, 1 NY3d at 290).
Ledcor and Costco contend that the court erred in denying that part of their cross motion seeking to dismiss the Labor Law § 200 claim and the common-law negligence cause of action because they did not direct or control the manner or method of plaintiff's work. We reject that contention. Cases involving section 200 and common-law negligence "fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Mayer v Conrad, 122 AD3d 1366, 1367 [4th Dept 2014] [internal quotation marks omitted]). Here, it is undisputed that neither the manner nor the method of plaintiff's work created the open drain in the floor that caused plaintiff's scaffold to tip over. Thus, this matter falls into the "dangerous or defective premises conditions" category of cases (id.).
"Where[, as here,] a premises condition is at issue, property owners [and general contractors] may be held liable for a violation of Labor Law § 200 [and under a theory of common-law negligence] if the owner [or general contractor] either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (id. [internal quotation marks omitted]). A defendant seeking summary judgment dismissing a cause of action or claim based on a dangerous condition on the premises is "required to establish as a matter of law that [it] did not exercise any supervisory control over the general condition of the premises or that [it] neither created nor had actual or constructive notice of the dangerous condition on the premises" (Parkhurst v Syracuse Regional Airport Auth., 165 AD3d 1631, 1632 [4th Dept 2018] [internal quotation marks omitted]; see Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1416 [4th Dept 2011]).
The submissions of Ledcor and Costco, which included the testimony of the superintendent for Ledcor and the project manager for Costco, did not establish as a matter of law that they did not exercise supervisory control over the premises (see generally Parkhurst, 165 AD3d at 1632). Rather, the evidence they submitted establishes that Ledcor had oversight and control over safety issues on the construction site and the work of its various subcontractors, including the plumber. Indeed, Ledcor's superintendent testified that it was his job "to oversee the entire project," and that subcontractors would report safety issues to Ledcor. Thus, Ledcor was responsible for correcting unsafe behaviors on the site. Furthermore, the submissions of Ledcor and Costco establish that Costco's project manager had safety responsibilities and would advise Ledcor if he observed a safety violation. Thus, the submissions of Ledcor and Costco did not meet their initial burden with respect to the Labor Law § 200 claim and common-law negligence cause of action inasmuch as they raised issues of fact whether they exercised supervisory control over the general condition of the premises.
With respect to the issue of notice, Ledcor and Costco do not dispute that they had notice, i.e., that they were aware that there was a drain under the curing blanket. Thus, that part of the cross motion of Ledcor and Costco for summary judgment dismissing plaintiff's Labor Law § 200 claim and common-law negligence cause of action was properly denied (see generally Cromwell v Hess, 63 AD3d 1651, 1652-1653 [4th Dept 2009]).
Finally, we agree with Ledcor and Costco that the court erred in granting that part of the cross motion of Cameron and Hinsdale seeking summary judgment on their cross claim for contractual indemnification insofar as they sought contractual indemnification of Cameron by Costco. Cameron is not a party to any contract in the record, and thus, Cameron has no basis for seeking contractual indemnification against Costco (see generally Northland Assoc. v Joseph Baldwin Constr. Co. [appeal No. 2], 6 AD3d 1214, 1216 [4th Dept 2004]). We therefore modify the order accordingly.
All concur except Curran, J., who concurs in the result in the following memorandum: Although I am compelled by the weight of this Court's precedent to concur in the result reached by the majority, I write separately to set forth my understanding of the breadth of our holding in this case with respect to plaintiff's Labor Law § 240 (1) claim. I do not dispute that, here, and in a legion of prior cases, this Court has consistently held that Labor Law § 240 (1) is violated, and strict liability imposed, whenever a defendant owner or contractor fails to ensure the placement and replacement of an adequate safety device at the work site (see e.g. Kopasz v City of Buffalo, [*4]148 AD3d 1686, 1687 [4th Dept 2017]; Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1578 [4th Dept 2016]; Fronce v Port Byron Tel. Co., Inc., 134 AD3d 1405, 1407 [4th Dept 2015]; Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015]; Bernard v Town of Lysander, 124 AD3d 1289, 1290 [4th Dept 2015]; Custer v Jordan, 107 AD3d 1555, 1558 [4th Dept 2013]; Miles v Great Lakes Cheese of N.Y., Inc., 103 AD3d 1165, 1167 [4th Dept 2013]; Kin v State of New York, 101 AD3d 1606, 1607 [4th Dept 2012]; Kirbis v LPCiminelli, Inc., 90 AD3d 1581, 1582 [4th Dept 2011]; Dean v City of Utica, 75 AD3d 1130, 1131 [4th Dept 2010]; Chacon-Chavez v City of Rochester, 72 AD3d 1636, 1636 [4th Dept 2010]; Arnold v Baldwin Real Estate Corp., 63 AD3d 1621, 1621 [4th Dept 2009]; Evans v Syracuse Model Neighborhood Corp., 53 AD3d 1135, 1136 [4th Dept 2008]; Whalen v ExxonMobil Oil Corp., 50 AD3d 1553, 1554 [4th Dept 2008]; Woods v Design Ctr., LLC, 42 AD3d 876, 877 [4th Dept 2007]; Owczarek v Austin Co., 19 AD3d 1003, 1003 [4th Dept 2005]; Ward v Cedar Key Assoc., L.P., 13 AD3d 1098, 1098 [4th Dept 2004]; Villeneuve v State of New York, 274 AD2d 958, 958 [4th Dept 2000]; Connors v Wilmorite, Inc., 225 AD2d 1040, 1040 [4th Dept 1996]; Orcutt v American Linen Supply Co., 212 AD2d 979, 979-980 [4th Dept 1995]; see also Kipp v Marinus Homes, Inc., 162 AD3d 1673, 1676-1677 [4th Dept 2018, Whalen, P.J., dissenting], lv denied 32 NY3d 911 [2018]; Thome v Benchmark Main Tr. Assoc., LLC, 86 AD3d 938, 942 [4th Dept 2011, Peradotto, J., dissenting]).
Here, plaintiff was injured when the scaffold on which he was working tipped, causing him to fall to the ground. Evidence established that the scaffold tipped when one of its wheels entered a drain hole in the floor. Plaintiff furnished the brand new scaffold for his work, testifying at his deposition that it functioned properly on the day of the accident and was sufficient for him to perform his work. He also testified that he did not need any other type of safety device to perform his work. Plaintiff and his employee were the only people who ever moved the scaffold, and plaintiff acknowledged that, when he moved it just before the accident, he would have checked the area where he set it up to ensure it was level and hazard-free. Plaintiff later learned from his employee that the wheel of the scaffold was set on top of the hole; he did not feel the scaffold move before he fell.
It is well settled that "[t]here are two circumstances when [Labor Law § 240 (1)] is invoked: when no safety device is provided and when a safety device that is provided fails to furnish proper protection" (1B NY PJI3d 2:217 at 471 [2019]; see Kuntz v WNYG Hous. Dev. Fund Co. Inc., 104 AD3d 1337, 1338 [4th Dept 2013]). Here, the safety device at issue was provided by plaintiff himself, and we are considering only whether the scaffold did not provide him proper protection. The alleged inadequacy of the scaffold is rooted in the improper placement of its wheel over the uncovered drain hole. Thus, inasmuch as the alleged inadequacy of the scaffold is solely based on its improper placement, the question is whether Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to initially place, and always thereafter replace, safety devices so as to provide protection from harm. In my view, our aforementioned precedent affirmatively stands for that proposition.
Notably, I am unaware of any Court of Appeals decision that specifically endorses the existence of a duty as broad as this Court, although some cases have come close to doing so (see e.g. Felker v Corning Inc., 90 NY2d 219, 224-225 [1997]; Bland v Manocherian, 66 NY2d 452, 459-461 [1985]). In Bland, however, the dissenting judge noted that "I simply cannot accept the notion that there is a duty upon an owner to follow a worker and verify that the worker has properly placed' a ladder in order for the owner to satisfy the statutory mandate. Such a proposition is, on its face, absurd" (66 NY2d at 464). In Blake v Neighborhood Hous. Servs. of N.Y. City (1 NY3d 280, 291-292 [2003]), the Court of Appeals went to great lengths to distinguish Bland, which I note has not been cited since by the Court of Appeals for any significant proposition except in dissent.
What also can be gleaned from the prodigious line of cases set forth above, in my view, is that a violation of Labor Law § 240 (1) that occurs under circumstances similar to this case cannot logically be subjected to the "sole proximate cause" defense because, in every "improper placement" case, the improper placement of an otherwise properly-functioning safety device must necessarily be a proximate cause of plaintiff's fall. Thus, there is, conceptually, no room in this analysis for the sole proximate cause defense where the evidence establishes that a statutory violation occurred proximately causing harm to plaintiff, precluding consideration of plaintiff's comparative fault in the placement of the adequate safety device (see Bernard, 124 AD3d at 1291; Miles, 103 AD3d at 1167).
I respectfully conclude that the majority's analysis of the proximate cause issue is disconnected from the statutory violation upon which strict liability here is premised. I am in agreement with the majority's initial conclusion that, under our precedents, a statutory violation occurred when defendants failed to ensure the proper placement and replacement of the properly-functioning scaffold. I note that my colleagues then switch gears in discussing proximate cause to focus on the absence of a cover for the drain hole as the purported violation. As noted above, however, the absence of a drain hole cover is not the statutory violation at issue here, and I further conclude that could not be the violation because the cover is not a safety device enumerated in Labor Law § 240 (1), and is not a device that protects against elevation-related risks (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 98-100 [2015], rearg denied 25 NY3d 1195 [2015]; Melber v 6333 Main St., 91 NY2d 759, 763-764 [1998]).
Thus, although I am compelled to concur with the majority under the weight of our precedent, I think a more common sense approach would be not to interpret the statute so broadly as to require owners and contractors to ensure that devices such as ladders and scaffolds are always safely placed and replaced at work sites. In support of such an approach, I note that Labor Law § 240 (1) " should be construed with a commonsense approach to the realities of the workplace at issue' " and that we should be "careful not to interpret the statute in an illogical' manner that would be impractical and contrary to the work at hand' " (Nicometi, 25 NY3d at 101, quoting Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court