Pelonero v Sturm Roofing, LLC (2019 NY Slip Op 06327)





Pelonero v Sturm Roofing, LLC


2019 NY Slip Op 06327


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


682 CA 19-00240

[*1]SALVATORE PELONERO, PLAINTIFF-RESPONDENT,
v
STURM ROOFING, LLC, DEFENDANT-APPELLANT. 






HOPKINS SORGI & ROMANOWSKI PLLC, BUFFALO (PETER J. SORGI OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICES OF ROBERT D. BERKUN, BUFFALO (JOSH SCRIVANI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered August 2, 2018. The order granted the motion of plaintiff for summary judgment on the issue of liability. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this Labor Law §§ 200, 240 (1) and 241 (6) and common-law negligence action seeking damages for injuries that he allegedly sustained due to a fall at a roofing work site. Defendant appeals from an order granting plaintiff's motion for partial summary judgment on the issue of liability. We agree with defendant that the order must be reversed.
It is well settled that Labor Law § 240 (1) protects a worker who is injured as the result of an elevation-related risk where the failure to provide sufficient safety devices to protect the worker from such a risk is a proximate cause of such injury (see Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974, 978 [2003]). Thus, in a Labor Law § 240 (1) cause of action, a worker seeking summary judgment will meet " his [or her] initial burden by establishing that [the] injury was proximately caused by the failure of a safety device to afford . . . proper protection from an elevation-related risk' " (Gimeno v American Signature, Inc., 67 AD3d 1463, 1464 [4th Dept 2009], lv dismissed 14 NY3d 785 [2010]). Here, the evidence submitted by plaintiff failed to meet that burden in several respects.
A defendant is not liable on a Labor Law § 240 (1) cause of action unless it is an owner or "a general contractor or an agent of an owner or general contractor with the authority to supervise and control the work of . . . the injured plaintiff" (Bennett v Hucke, 131 AD3d 993, 995 [2d Dept 2015], affd 28 NY3d 964 [2016]; see generally Sheridan v Albion Cent. School Dist., 41 AD3d 1277, 1278 [4th Dept 2007]) and, in order for the statute to apply, "a plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or . . . agent [thereof]" (Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971 [1979]; see Fuller v Spiesz, 53 AD3d 1093, 1094 [4th Dept 2008]). Here, in support of his motion, plaintiff submitted his deposition testimony that he was working as an assistant to a roofer employed by defendant. Plaintiff also submitted the deposition testimony of defendant's owner, however, who testified that plaintiff was not working for defendant in any capacity, and that defendant was not the contractor on the job on which plaintiff allegedly was injured. We reject plaintiff's contention that Supreme Court properly accepted his testimony concerning his employment and rejected the testimony of defendant's owner to the contrary. It is well settled that, " [o]n a motion for summary judgment, . . . self-serving statements of an interested party which refer to matters exclusively within that party's knowledge create an issue of credibility which should not be decided by the court but [*2]should be left for the trier of facts' " (Mills v Niagara Frontier Transp. Auth., 163 AD3d 1435, 1438 [4th Dept 2018]) and, moreover, "[i]t is not the court's function on a motion for summary judgment to assess credibility" (Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]; see Rew v County of Niagara, 115 AD3d 1316, 1318 [4th Dept 2014]). Thus, plaintiff failed to eliminate all triable issues of fact whether he was a worker and whether defendant was an owner or contractor within the meaning of the statute.
Furthermore, even assuming, arguendo, that plaintiff met his initial burden on the motion, defendant raised an issue of fact regarding how the accident occurred. Plaintiff introduced his deposition testimony that he fell off a pick on which he was walking. In opposition to the motion, however, defendant introduced evidence that plaintiff sought medical treatment and told the providers that he fell from a ladder. Defendant would not be liable under Labor Law
§ 240 (1) if plaintiff merely lost his balance and fell off a ladder (see e.g. Kopasz v City of Buffalo, 148 AD3d 1686, 1687 [4th Dept 2017]; Davis v Brunswick, 52 AD3d 1231, 1232 [4th Dept 2008]). Consequently, "there are conflicting versions of how the accident occurred, including plaintiff's own conflicting statements. Because the conflicting versions raise an issue of fact concerning liability pursuant to Labor Law § 240 (1), plaintiff's motion should have been denied" (Woodworth v American Ref-Fuel, 295 AD2d 942, 942 [4th Dept 2002]).
With respect to the common-law negligence and Labor Law § 200 claims, insofar as plaintiff seeks to recover under a theory that there was a dangerous condition on the premises, the general contractor "may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and [has created or has] actual or constructive notice of the dangerous condition" (Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1416 [4th Dept 2011] [internal quotation marks omitted]; see Bannister v LPCiminelli, Inc., 93 AD3d 1294, 1295 [4th Dept 2012]), and for the reasons discussed above, plaintiff failed to establish as a matter of law either that defendant had control over the work site or that it created or had actual or constructive notice of the dangerous condition. With respect to the parts of those claims in which plaintiff alleged his accident resulted from the manner in which the work was performed, for the same reasons discussed above, plaintiff failed to meet his initial burden on the motion inasmuch as he failed to establish that defendant had the authority to supervise and control the methods and manner of plaintiff's work, and that it in fact exercised such supervisory control (see generally Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). Consequently, inasmuch as plaintiff failed to meet his burden on the motion with respect to the common-law negligence and section 200 claims, the court was required to deny that part of the motion without regard to the sufficiency of the opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The court also erred in granting plaintiff's motion for partial summary judgment with respect to liability under the Labor Law § 241 (6) claim. "Recovery under section 241 (6) must be based upon the violation of a provision of the Industrial Code (see generally Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 504-505 [1993]), and neither the complaint nor [a] bill of particulars sets forth any specific Industrial Code provisions allegedly violated by defendant" (Brunette v Time Warner Entertainment Co., L.P., 32 AD3d 1170, 1171 [4th Dept 2006]; see Rivera v Santos, 35 AD3d 700, 702 [2d Dept 2006]).
We have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court